## PEDRO GONZALES v. THE STATE.

Article 493 of the Penal Code thus defines assault with intent to murder: "If any person shall assault another with intent to murder, he shall be punished by confinement in the penitentiary not less than two years nor more than seven years. If the assault be made with a bowie knife or dagger, the punishment shall be doubled." (Paschal's Dig., Art. 2155, Note 666.) To deliberately shoot at a man with a six-shooter three times and wound him is an offense within the statute.

If the accused lie in wait for his adversary, and attack him when he is making no demonstrations, it is proper to exclude evidence of the injury, and even that the injured party had stabbed the accused. (Paschal's Dig., Art. 2270, Note 672.)

It was not error to swear a Mexican witness upon the cross.

APPEAL from Guadalupe. The case was tried before Hon. J. J. THORNTON, one of the district judges.

The appellant was indicted for and convicted of an assault with a six-shooter, shooting at and wounding one Jose Maria Chavis, with intent said Chavis to kill and murder. The proof was that the parties had a difficulty on Sunday, when Chavis threatened the life of the accused and cut him with a knife. Chavis repeated the threat. The next day the accused met Chavis, and fired three shots at him, and then ran away.

The court charged the jury on the different degrees of homicide. The jury found the appellant guilty of an assault with intent to murder, and sentenced him to two years' imprisonment in the penitentiary. The bill of exceptions is sufficiently explained in the opinion of the court.

No briefs have been furnished to the *Reporter.*

CALDWELL, J.—The defendant was indicted and convicted for an assault with intent to murder Jose Maria Chavis.

It appears from the statement of facts that the defendant committed the assault with a six-shooter, a deadly weapon, by firing several shots at the person assaulted, and inflicting a severe wound; this, too, by lying in wait, and when the person assaulted was wholly unconscious of the presence of his enemy.

Counsel for the prisoner proposed to prove that a previous "difficulty" had existed between the parties, and that the assaulted person had recently before the assault "cut

the defendant with a knife, and that on "Sunday, the day before the shooting, had threatened  *  *  to kill the defendant." The district attorney objected, and his exceptions were sustained by the court. This ruling of the court is assigned as error.

There is no analogy between the case at bar and that of Pridgen v. The State, [*ante*, 420.] In that case the parties confronted each other, the deceased used menacing language towards the defendant, and there were some movements of his person from which a jury might have inferred a purpose to carry the previous threats into execution. In the case at bar there is no pretense that the injured person meditated any such purpose, or that he was aware of the approach of his enemy. From the records it is plain that the defendant went in quest of his enemy, and, from the weapon used, sought his life. Previous threats under such circumstances can furnish no excuse or justification.

It is again objected that the court caused a cross to be made, and one of the witnesses was sworn on it. There is no error in this. It will be presumed that the court below caused the witness to be sworn in the manner most binding on the conscience, unless it appears that some other method was insisted on by the witness or opposing counsel as most likely to accomplish that object.

We think the evidence more than sufficient to sustain the verdict and would have justified severer punishment. The judgment is

AFFIRMED.